**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND
19 Campus Boulevard, Suite 200
Newtown Square, PA 19073-3228,

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN
19 Campus Boulevard, Suite 200
Newtown Square, PA 19073-3228,

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN
19 Campus Boulevard, Suite 200
Newtown Square, PA 19073-3228,

and

TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND
19 Campus Boulevard, Suite 200
Newtown Square, PA 19073-3228,

Plaintiffs,

v.

ALRAC ESCALATOR, LLC
310 Nassau Avenue, Office 304
Brooklyn, NY 11222

and

Jonathan Gaudet
74 Van Duzer Street
Staten Island, NY 10301,

Defendants.

**COMPLAINT**

**<u>COMPLAINT</u>**

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; AND FOR BREACH OF FIDUCIARY DUTY)**

**<u>Parties</u>**

1. The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Educational Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley

Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. Alrac Escalator, LLC ("Alrac Escalator") is a New York business existing under the laws of the state of New York with a principal office located at 310 Nassau Avenue, Office 304, Brooklyn, New York 11222.

6. Alrac Escalator transacts business in New York as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

7. At all relevant times, Alrac Escalator was and is bound to the Agreements between Local One of the International Union of Elevator Constructors, AFL-CIO, and the Elevator Manufacturers Association of New York, Inc. ("Collective Bargaining Agreements") by virtue of its Joinder Agreement.

8. Jonathan Gaudet is an officer and owner of Alrac Escalator, and resides at 74 Van Duzer Street, Staten Island, New York 10301.

9. At all relevant times, Jonathan Gaudet exercised control and discretion over the assets of Alrac Escalator, including, but not limited to, decisions regarding the collection of receivables for Alrac Escalator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Alrac Escalator's employees, and the amounts to be paid to the

Plaintiffs. Accordingly, Jonathan Gaudet is a fiduciary to the Pension Fund, Health Benefit Plan, and Educational Plan, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

10. During the period of October 2, 2022 through January 31, 2024 and continuing, the Defendant Alrac Escalator employed employees performing work covered by the Collective Bargaining Agreement.

**Jurisdiction**

11. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreement, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

12. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

13. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

**COUNT I**

**(AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)**

14. The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in Count I.

15. Pursuant to the Defendant Alrac Escalator's Joinder Agreement, the Defendant Alrac Escalator agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

16. In May 2025, the certified public accounting firm of Daniel A. Winters & Co. first determined that amounts were owed to the Plaintiffs for unreported work performed from October 2, 2022 to January 31, 2024. The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

17. Defendants employed certain employees covered by the Collective Bargaining Agreement but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from October 2, 2022 to January 31, 2024 as required by the Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $21,814.28.

18. The Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

19. The Collective Bargaining Agreement, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## **COUNT II**

## **(FOR BREACH OF FIDUCIARY DUTY)**

20. The Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 19 of Count I as if fully set forth in Count II.

21. The Defendant Jonathan Gaudet executed the Joinder Agreement on June 29, 2022, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust.

22. The Defendant Jonathan Gaudet was and is responsible for creating and operating Alrac Escalator and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from Alrac Escalator's assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit Plan from Alrac Escalator's assets.

23. Defendant Jonathan Gaudet commingled assets of Alrac Escalator payable to the Plaintiffs with the general assets of Alrac Escalator and used those assets for purposes other than to pay the Plaintiffs.

24. Defendant Jonathan Gaudet exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

25. The amounts due, unreported and unpaid by Defendant Alrac Escalator as determined by the payroll audit are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

26. The factual contentions in Paragraphs 7 through 10 and 21 through 25 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I through II as follows:

1. That the Court find the Defendant Alrac Escalator liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit

costs owed to the Plaintiffs pursuant to an audit for the period of October 2, 2022 to January 31, 2024;

2. That the Court find Defendant Jonathan Gaudet jointly and severally liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit for the period of October 2, 2022 to January 31, 2024;

3. To enter judgment against the Defendants Alrac Escalator and Jonathan Gaudet in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action; and

4. For such further relief as the Court may deem appropriate

Respectfully submitted,

DATE: September 8, 2026

s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street
Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
akelser@odonoghuelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 8th day of September, 2026 on the following:

Internal Revenue Service,
Office of the Associate Chief Counsel, CC:EE
Room 4300
1111 Constitution Avenue, NW
Washington, DC 20224

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTN: Assistant Solicitor
for Plan Benefits Security

s/ Andrew Costa-Kelser
Andrew Costa-Kelser